## ATLANTIC & GULF SHIPPING CO. v. MARINE CONTRACTING & TOWING CO.

Circuit Court of Appeals, Fifth Circuit.
May 11, 1928.

No. 5230.

1. **Towage** ⊂⇒11(10)—Towing company held not negligent in mooring lighter along line of piling, where lighters were customarily moored.

Towing company *held* not guilty of negligence in mooring lighter, which struck sunken object temporarily resting on bottom of the river and was damaged along line of piling where lighters were customarily moored.

2. **Towage** ⊂⇒11(1)—Damages cannot be based on deviation of towing company pursuant to previous agreement, though not known to owners of tow.

Where towing company at time it agreed to tow lighters intended to make deviation in pursuance of previous agreement with another, though such intention was not known to owners of tow, there was no basis for claim for damages because of deviation; it not appearing that towing company would have agreed to tow lighters directly.

Appeal from the District Court of the United States for the Southern District of Florida; William I. Grubb and Lake Jones, Judges.

Libel by the Marine Contracting & Towing Company against the Atlantic & Gulf Shipping Company, wherein respondent filed a cross-libel. Decree for libelant and dismissing the cross-libel, and respondent appeals. Affirmed.

J. C. Morcock, of Miami, Fla., for appellant.

L. S. Julian, of Miami, Fla. (Shutts & Bowen, of Miami, Fla., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellee filed a libel in rem for the towage of appellant's flat lighter No. 2 from Savannah to Mayport, Fla., at the mouth of the St. Johns river, and derrick lighter No. 1 from Savannah to Miami, claiming $1,500 as the reasonable value of the towage service. Appellant filed an answer denying that the service was of the value claimed, and a cross-libel seeking recovery of about $700 for repairs to lighter No. 2, caused either by a broken-off piling or other underwater obstruction at Mayport, and some $1,500 as loss of prospective earnings occasioned by delay in its arrival at Miami. The District Judge entered a decree awarding appellee $1,000 for towage, and dismissing the cross-libel.

Appellant applied to the Atlantic Towing Company to tow its lighters from Savannah to Miami, but the latter company, being unable to do so, at the request of appellant's representative, arranged to have the towing done by appellee, with the understanding, unknown, however, to appellant, that appellee would call at Mayport for another lighter, which at the time it was under contract to tow to Miami. Appellant's lighters were taken in tow at Savannah and arrived at Mayport after midnight. The tug and the lighters were moored alongside some old pilings that formerly supported a coal dock of the Florida East Coast Railroad Company. The coal dock had been abandoned for a number of years, but the weight of the evidence shows that the outside line of pilings was intact and was above water at high tide; that the pilings in this outside line were close together and had been in general use as a place for mooring tug boats and lighters. While lighter No. 2 was so moored, it struck some sunken object, and several holes were punched in its bottom. That lighter was repaired at the expense of about $700, and was later towed to Miami by a concern other than appellee. There was substantial evidence to the effect that the lighter was not in a seaworthy condition. It is undisputed that it had been hogged, resulting in the loosening of the seams on the side and deck planking, and that some weeks after the repairs were made examinations disclosed that all except the bottom planking had deteriorated from dry rot. The evidence does not satisfactorily disclose the condition of the planking on the bottom, except that it appears that the lighter, both before and after the towage service, was in a leaky condition.

[1] It was not satisfactorily shown that the lighter was seaworthy. But, assuming that in the absence of negligence it could safely have made the trip and remained in good enough condition to do the work for which it was intended, there does not appear to have been any negligence on the part of appellee's tug, which is shown to have exercised that ordinary care required of competent seamen in handling a tow. If it be true, as the undisputed evidence shows, that lighters were customarily moored alongside the line of piling without injury, it cannot be said that appellee was guilty of negligence on the occasion in question. The evidence falls far short of showing that the damage sustained was caused by a broken-off piling.

[2] It is consistent with the testimony that such damage was done by some sunken object that was temporarily resting in the bottom of the river, the presence of which could not in the nature of things have been known by the exercise of reasonable care. There is no basis for the claim of deviation. While it was made without appellant's previous knowledge and consent, appellee's tug called at Mayport in pursuance of an agreement which it had with the Atlantic Towing Company. It was always the intention of appellee to make the deviation, and it never agreed to a different course of conduct. For all that appears, it would not have agreed to tow appellee's lighters directly from Savannah to Miami. It results that in our opinion it was not error to reject the claim for damage on account of repairs and delay asserted in the cross-libel. Appellant concedes that $700 would be a fair charge under conditions then existing. The allowance of the District Court is only slightly more, and was sustained by the evidence.

The decree is affirmed.